UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 09 C 5158 |
| | ) | |
| THE CITY OF BLUE ISLAND, BLUE ISLAND POLICE OFFICER BENTON, STAR #172, and POLICE OFFICER PODBIELNIAK, STAR #231, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

CHARLES P. KOCORAS, District Judge:

This case comes before the court on the motion of Defendant City of Blue Island to dismiss Count IX of the complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, we deny Blue Island's motion.

According to the allegations of the complaint, which we must accept as true for the purposes of this motion, *Warth v. Seldin*, 422 U.S. 490, 501 (1975), Plaintiff Demetrius Anderson is a resident of Blue Island, Illinois. On April 20, 2009, Anderson attempted suicide by stabbing himself in the chest with a knife. Anderson suffered from clinical depression and anxiety at the time of the incident.
After Anderson's sister called 911 to request assistance, an ambulance as well as police officers from the Blue Island Police Department arrived on the scene. As emergency

medical technicians led Anderson to the ambulance for transport to the hospital, Anderson began to panic and refused to go to a hospital without a family member present. Anderson ultimately ran away from the ambulance, and Blue Island Police officers gave chase. When the officers finally caught up to Anderson, one of the officers applied a taser to Anderson's back, causing him to fall to the ground. Another officer blocked his path and pointed his firearm at him. In the course of subduing Anderson, the officers stepped on his hands, feet, back, and neck, causing bruising and scraping. The officers also placed Anderson in handcuffs that were so tight that they left scars on Anderson's wrists and caused numbness in his right hand. Anderson was escorted back to the ambulance in handcuffs and transported to the hospital for treatment.

On August 21, 2009, Anderson filed suit against the City of Blue Island and a number of Blue Island police officers under 42 U.S.C. § 1983 claiming that the officers and the municipality violated his rights under the Fourth Amendment. Anderson's claim against Blue Island alleges that the Blue Island Police Department failed to train its officers to recognize and effectively deal with people suffering from mental illness and that this inadequacy in the officers' training caused Anderson's constitutional rights to be violated. Blue Island now moves to dismiss the § 1983 claim against it for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

Blue Island argues that Anderson has failed to allege sufficient facts in order for his § 1983 claim against the City. A municipality may be liable for a constitutional deprivation under 42 U.S.C. § 1983 when the execution of the municipality's policy or custom inflicts the deprivation at issue. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694-95 (1978). "In order to state a § 1983 claim against a municipality, the complaint must allege that an official policy or custom not only caused, but was the moving force behind [the constitutional violation at issue]." *Estate of Sims v. County of Bureau*, 506 F.3d 509, 512 (7th Cir. 2007) (internal quotation marks omitted). The official policy requirement permits courts to "distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). A plaintiff can demonstrate an official policy through "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007).

Anderson attempts to present his claim under the second method of establishing *Monell* liability in that he alleges that Blue Island failed to adequately train its police

officers to properly arrest or detain mentally ill persons without violating their constitutional rights. "[T]he inadequacy of police training may serve as the basis for section 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). A municipality may be found to have acted with deliberate indifference when it "fails to train its employees with respect to a clear constitutional duty implicated in recurrent situations that a particular employee is certain to face." *Cornfield v. Consol. High School Dist. No. 320*, 991 F.2d 1316, 1327 (7th Cir. 1993).

Anderson has presented enough facts to state a plausible failure to train claim against Blue Island. To survive a motion to dismiss under Rule 8, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). Anderson

alleges that Blue Island acted with deliberate indifference in failing to train its police officers to respect the constitutional rights of mentally ill arrestees despite the frequency with which Blue Island police officers would confront persons suffering from mental illness. Anderson claims that the police officers who subdued him on the night in question were not trained in crisis intervention for mentally ill persons and that this particular deficiency in their training was the moving force behind the violation of his constitutional rights. Anderson's complaint highlights a specific alleged deficiency in the training provided to the Blue Island police officers he encountered on the night in question and presents a plausible causal connection between the training and the constitutional deprivation he allegedly suffered. Anderson has alleged enough facts to suggest he may be entitled to relief against Blue Island; dismissal of his claim at this stage would be inappropriate.

## CONCLUSION

Blue Island's motion to dismiss is denied.

Charles P. Kocoras
United States District Judge

Dated:  April 28, 2010